**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4928**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KEITH ANDRE HADDOCK, II, a/k/a Keith Haddock, a/k/a Frank, a/k/a Frank White,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  T.S. Ellis, III, Senior District Judge.  (1:18-cr-00236-TSE-1)

Submitted:  November 26, 2019                    Decided:  December 9, 2019

Before GREGORY, Chief Judge, and WYNN and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Andrew M. Stewart, DENNIS, STEWART & KRISCHER PLLC, Arlington, Virginia, for Appellant.  G. Zachary Terwilliger, United States Attorney, Nicholas Murphy, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Keith Haddock, II, pleaded guilty to one count of conspiracy to make false statements in connection with firearms transactions, in violation of 18 U.S.C. § 371 (2018); four counts of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (2018); and two counts of making false statements to a federal firearms licensee, in violation of 18 U.S.C. §§ 2, 924(a)(1)(A) (2018). The district court calculated Haddock's Sentencing Guidelines range as 188 to 135 months and sentenced him below the Guidelines to a total of 120 months' imprisonment.[*] On appeal, Haddock contends that this sentence is procedurally unreasonable. We affirm.

We review a defendant's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). Under the *Gall* standard, this court reviews a sentence for both procedural and substantive reasonableness. *Id.* at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2018) factors, and sufficiently explained the selected sentence. *Id.* at 49-51.

"When rendering a sentence, the district court must make an individualized assessment based on the facts presented." *United States v. Carter*, 564 F.3d 325, 328 (4th

---

[*] We recognize that Haddock's sentence does not represent a mandatory minimum sentence, as the district court erroneously noted in its statement of reasons. The sentencing transcript makes clear that the district court was aware that a sentence of ten years represented the statutory *maximum* for each felon-in-possession count.

Cir. 2009) (emphasis omitted). "Where the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence than that set forth in the advisory Guidelines, a district judge should address the party's arguments and explain why he has rejected those arguments." *United States v. Bollinger*, 798 F.3d 201, 220 (4th Cir. 2015) (internal quotation marks omitted). An extensive explanation is not necessary so long as the appellate court is satisfied "that the district court has considered the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Engle*, 592 F.3d 495, 500 (4th Cir. 2010) (internal brackets and quotation marks omitted). However, the explanation should not be so brief that it requires this court "to guess at the district court's rationale, searching the record for statements by the Government or defense counsel or for any other clues that might explain a sentence." *United States v. Blue*, 877 F.3d 513, 521 (4th Cir. 2017) (internal quotation marks omitted).

We conclude that Haddock's sentence is procedurally reasonable. Haddock put forth several arguments in favor of a 72-month sentence which the district court considered and rejected. The district court instead decided that given the unique danger of firearms, the seriousness of the offenses, Haddock's past criminal history, and the need for both specific and general deterrence, a sentence longer than that requested by Haddock—but still below the Guidelines range—was appropriate. Moreover, the district court provided a detailed explanation as to why it was imposing its sentence. This explanation was sufficient.

We therefore affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*